UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR L. JORDAN,<br><br>             Plaintiff,<br>v.<br><br>PATRICIA SALTZMANN, CSW; SCOTT MUELLER, Dr., PSYD; EDWARD GONZALEZ, LCSW; and MATHEW CLARK, LPC ,<br><br>             Defendants. | Civil Action No.<br>No. 3:21-cv-560 (CSH)<br><br>MAY 17, 2023 |

**RULING ON PLAINTIFF'S RENEWED**
**MOTION TO COMPEL DISCLOSURE [Doc. 47]**

**HAIGHT, Senior District Judge**:

## I. INTRODUCTION

In his "Renewed Motion to Compel Disclosure," Plaintiff broadly seeks "full disclosure from the Defendants in the form of evidence." Doc. 47, at 1. In particular , he requests, *inter alia*, a "PREA [Prison Rape Elimination Act, 34 U.S.C. § 30301-09] Investigation by the D.O.C. [Department of Correction];" "all video preservation" relevant to this action; "Electronic Stored Information," including telephone and video recordings for specific dates relevant to this action; incident reports and other inmates' complaints against Defendant Saltzmann for "inappropriate conduct;" "medical records" referenced in a letter he received from Defendants; and any and all material evidence "known and/or unknown" to him. Doc. 47, at 1-3.

In their opposition to Plaintiff's motion, Defendants represent that they have "presented the [P]laintiff with their initial disclosures," but Plaintiff "has failed to do the same." Doc. 48, at 1.

1

Moreover, Plaintiff has "failed to submit any discovery requests" to Defendants. *Id.* Consequently, Defendants conclude that Plaintiff's motion to compel is "procedurally, and substantively, unfounded." *Id.*

In his reply to Defendants' objection, Plaintiff blanketly accuses Defendants of failing to "compl[y] with the discovery process" and once again demands certain materials from Defendants (*e.g.*, videos of PREA Investigations, medical records). Doc. 49, at 1. Rather than serving discovery requests on Defendants, Plaintiff seeks materials he speculates Defendants may use in their defense. *Id.*

For the reasons set forth below, the Court finds that Plaintiff's motion is fatally defective and denies it without prejudice herein.

## II. DISCUSSION

Pursuant to Rule 37 of the Federal Rules of Procedure, if a party who is served with discovery resists or objects to such discovery, the serving party, "[o]n notice to other parties and all affected persons, . . . may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The party resisting discovery bears the burden of showing why a discovery request should be denied." *Jacobs v. Connecticut Comty. Technical Colls.*, 258 F.R.D. 192, 195 (D.Conn. 2009) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). *See also Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009) (same); *EDO Corp. v. Newark Ins. Co.*, 145 F.R.D. 18, 24 (D. Conn. 1992) ("It is axiomatic that the party objecting to a discovery request bears the burden of demonstrating that discovery should not be allowed.") (citation omitted).

In the present case, however, there is no indication in the record that Defendants have been

served with, much less resisted or objected to, any discovery requests. Rather, Defendants represent that Plaintiff has failed to serve them with any discovery requests. Doc. 48, at 1. It thus appears that Plaintiff, a *pro se* prisoner, has simply resorted to moving the Court to obtain a host of items he seeks from Defendants. Such a motion is substantively defective under Rule 37, Fed. R. Civ. P. Absent Plaintiff's service of discovery requests and Defendants' resistance or objection thereto, there are no facts to support Plaintiff's motion.

Furthermore, even if Plaintiff had served discovery requests, his motion is procedurally defective. Pursuant to Rule 37(a)(1), Fed. R. Civ. P., a party who moves for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." In his pending motion, Plaintiff has failed to comply with Rule 37(a)(1) in that he has failed to certify that he has in "good faith conferred or attempted to confer" with Defendants in an effort to resolve the discovery dispute without the Court's intervention.[1]

---

[1] Pursuant to Local Civil Rule 37(a), a self-represented party or counsel who files a discovery motion, after failing to resolve a discovery dispute, must file an affidavit with the motion that details the parties' good faith consultations. That Local Rule provides:

> No motion pursuant to Rules 26 through 37, Fed. R .Civ. P.[,] shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, *an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement.* If some of the issues raised by the motion have been resolved by agreement, the *affidavit shall specify the issues so resolved and the issues remaining unresolved*.

Although the Court exercises leniency toward *pro se* litigants, affording them "special solicitude," such parties are still expected to comply with the Federal Rules of Civil Procedure. *See Gonzalez v. United States*, No. 3:13-CV-650 (CSH), 2014 WL 3738179, at *2 (D. Conn. July 29, 2014) (citing, *inter alia*, *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988)).

### III. CONCLUSION

Because it is both substantively and procedurally defective, Plaintiff's "Renewed Motion to Compel Disclosure" [Doc. 47] is DENIED WITHOUT PREJUDICE at this time. [2]

With respect to Plaintiff's pursuit of discovery, given the mandates of Rule 37, Fed. R. Civ. P., the Court directs Plaintiff to first serve his discovery requests on Defendants. Then, if a *bona fide* discovery dispute emerges with Defendants, Plaintiff must attempt in good faith to resolve that dispute by conferring with Defendants' counsel. Only if the parties reach an impasse after conferring, or attempting to confer, in good faith may Plaintiff seek Court intervention under Rule 37.

If Plaintiff ultimately files a motion to compel, he is reminded that he must include the requisite certification, Fed. R. Civ. P.37(a)(1), and an affidavit, D. Conn. L. Civ. R. 37(a), to attest that he has conferred or attempted to confer in good faith but has failed to reach a mutually

---

D. Conn. L. Civ. R. 37(a) (emphasis added).

[2] The Court notes that a "Motion to Compel Disclosure" [Doc. 50] was "entered in error" on the case docket as duplicative of the previously-filed Doc. 22, which the Court had determined should be "denied without prejudice in the event settlement negotiations fail." Doc. 36, at 8. To the extent that Plaintiff intended to refile that pleading at this time as a supplement to, or even replacement of, Plaintiff's "Renewed Motion to Compel" [Doc. 47], that motion [Doc. 50] is DENIED WITHOUT PREJUDICE in that it is defective for the same reasons as Doc. 47.

satisfactory resolution. Moreover, pursuant to Local Civil Rule 37(b), any discovery motion he files must also be accompanied by a memorandum of law which "shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." D. Conn. L. Civ. R. 37(b)1.

Finally, and alternatively, if the parties are willing to engage in a discovery conference at this time to facilitate the discovery process, they may jointly move the Court for referral of the case to a Magistrate Judge for purposes of discovery. If the parties elect to proceed with this option, they may file their joint motion for referral on or before **June 1, 2023.**

It is SO ORDERED.

Signed:  New Haven, Connecticut
         May 17, 2023

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge