UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR L. JORDAN,

        Plaintiff,

v.

PATRICIA SALTZMANN, CSW; SCOTT MUELLER, Dr., PSYD; EDWARD GONZALEZ, LCSW; and MATHEW CLARK, LPC ,

        Defendants.

Civil Action No.
No. 3:21-cv-560 (CSH)

DECEMBER 14, 2023

**RULING ON PLAINTIFF'S MOTION TO COMPEL DISCLOSURE [Doc. 54]**

**HAIGHT, Senior District Judge:**

In his "Motion to Compel Disclosure" [Doc. 54], Plaintiff once again seeks production of discovery materials from Defendants. However, the contents of the motion reveal that it is both substantively and procedurally defective for the same reasons set forth in the Court's previous "Ruling on Plaintiff's Renewed Motion to Compel Disclosure" [Doc. 52]. In that prior ruling, denying Plaintiff's renewed "Motion to Compel" [Doc. 47] without prejudice, the Court noted that Plaintiff had failed to demonstrate that he had served discovery requests on Defendants and instead "simply resorted to moving the Court to obtain a host of items he seeks from [them]." Doc. 52, at 3. In addition, Plaintiff had provided no indication that he had attempted to confer with Defendants in an effort to resolve his discovery dispute prior to filing his motion to compel. *Id.* The Court thus explicitly instructed Plaintiff that he must "first serve his discovery requests on Defendants," and then only file a motion to compel "if the parties reach an impasse after conferring, or attempting to

confer, in good faith" to resolve a *bona fide* discovery dispute. *Id.* at 4.

Plaintiff's instant motion to compel [Doc. 54] asserts that he has made "attempts to communicate with Defendants by U.S. mail to obtain materials," but he has received "insufficient" and "highly redacted" materials. Doc. 54, at 1, 3; Doc. 56. Plaintiff also represents that he sent letters to Assistant Attorney General Beizer but has "yet to receive a response." Doc. 54, at 3.

However, in response to Plaintiff's motion, Defendants informed the Court that Plaintiff has "failed to serve any discovery requests" upon them. Doc. 55, at 1. Defendants "presented the [P]laintiff with their initial disclosures," but he "failed to do the same." *Id.* Moreover, as to attempts to communicate with Defendants by mail, Plaintiff has only sent Attorney Beizer "a single correspondence" in which "he discusses the possibility of a settlement." *Id.* & n.1.

Once again, Plaintiff does not attach any discovery requests to his motion. Nor does he specify any particular discovery requests he served on Defendants to which they failed to respond and/or produce materials. Thus, Plaintiff still appears to resort "to moving the Court to obtain a host of items he seeks from Defendants." *See* Doc. 52, at 3.

Pursuant to Federal Rule 37(a)(1) of Civil Procedure, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Incorporating the certification requirement, Local Civil Rule 37(a) of this District provides: "No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution." D. Conn. L. Civ. R. 37(a). As part

of their motion papers, attorneys must file an affidavit to certify that they have "conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and ha[ve] been unable to reach such an agreement." *Id.* Accordingly, Plaintiff has failed to file the requisite certification to attest that he has actually conferred or attempted to confer in good faith without reaching a resolution of the discovery dispute. Rather, he has simply alleged, without proof, that he has made attempts to communicate with Defendants by mail. Doc. 54, at 3.

Furthermore, Plaintiff may only file a motion to compel if he demonstrates that he has previously served discovery requests on Defendants by detailing those requests in a memorandum and attaching to his motion the discovery requests and any responses from Defendants thereto. In particular, he must file a memorandum that "contain[s] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed." D. Conn. L. Civ. R. 37(b)1. "[I]mmediately following each specification," he " shall set forth the reason why the item should be allowed or disallowed." *Id.* In addition, "[e]very memorandum shall include, as exhibits, *copies of the discovery requests* in dispute." *Id.* (emphasis added).

Absent the requisite certification, memorandum, and copies of discovery requests, Plaintiff's pending motion is substantively and procedurally deficient. Accordingly, the motion is hereby DENIED. Any future motions to compel must comply with Rule 37 of the Federal and Local Civil Rules. The parties are reminded that as to discovery disputes, they must confer in good faith to resolve them. If they are willing to engage in a discovery conference to facilitate the discovery process, they may jointly move the Court for referral of the case to a Magistrate Judge for purposes

of discovery.

      Signed: New Haven, Connecticut
             December 14, 2023

                                              */s/Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge